| JIMMY H. VAUGHN, | ) | DAVIDSON CIRCUIT |
| | ) | No. 77466 |
| Plaintiff/Appellant | ) | |
| | ) | Appeal No. |
| v. | ) | 01A01-9707-CV-00347 |
| | ) | |
| MARY RUNYON VAUGHN, | ) | |
| | ) | |
| Defendant/Appellee | ) | |

FILED

April 29, 1998

Cecil W. Crowson
Appellate Court Clerk

# IN THE COURT OF APPEALS OF TENNESSEE
# AT NASHVILLE

## APPEAL FROM THE DAVIDSON COUNTY CIRCUIT COURT
## AT NASHVILLE, TENNESSEE

## HONORABLE MURIEL ROBINSON, JUDGE

Larry Roberts
627 Second Avenue South
Nashville, TN 37210
ATTORNEY FOR PLAINTIFF/APPELLANT

Thomas F. Bloom
500 Church Street, 5th Floor
Nashville, TN 37219
ATTORNEY FOR DEFENDANT/APPELLEE

## AFFIRMED AND REMANDED

WILLIAM H. INMAN, SENIOR JUDGE

CONCUR:

HENRY F. TODD, PRESIDING JUDGE, MIDDLE SECTION

BEN H. CANTRELL, JUDGE

| | | |
|---|---|---|
| JIMMY H. VAUGHN, | ) | DAVIDSON CIRCUIT |
| | ) | No. 77466 |
| Plaintiff/Appellant | ) | |
| | ) | Appeal No. |
| v. | ) | 01A01-9707-CV-00347 |
| | ) | |
| MARY RUNYON VAUGHN, | ) | |
| | ) | |
| Defendant/Appellee | ) | |

## O P I N I O N

The trial court found that there had been a change of circumstances and increased Jimmy Hunter Vaughn's [husband's] alimony obligation to Mary Runyon Vaughn [wife] from $400.00 per month to $600.00 per month. The court also found that husband should pay $350.00 as reasonable attorney fees to wife's attorney.

We affirm the judgment of the trial court.

Husband was granted a divorce from wife in 1975. The court ordered husband to pay wife alimony *in futuro* of $200.00 per month until her death or remarriage. Neither party has remarried.

In July 1992 the parties entered an agreed order increasing alimony to $400.00 per month.

In April 1997 wife petitioned for another increase and the trial judge ordered husband to increase alimony to $600.00 per month. Husband appeals, insisting there has been no substantial and material change in circumstances to warrant the increase.

At the time of the hearing, Wife received $368.00 per month in Social Security benefits and $400.00 alimony, for a total net monthly income of $768.00. Husband's statement of income and expenses indicated his net monthly income was $1,965.00 after paying $400.00 monthly in alimony.

Wife testified that since 1992 she has experienced an increase of $115.00 per month in her mortgage payment, which is now $673.00 per month, and that her home needs roof and garage repairs. Her car reached such a state of disrepair that it was towed away. She has been hospitalized and her monthly medication costs have increased beyond her ability to pay for them. A new prescription has gone unfilled. Her monthly expenses exceed her income and she now has unpaid hospital bills and receives food stamp assistance.

Husband's expenses include a mortage payment of $315.00, monthly payments totalling $623.00 on $17,800.00 of credit card debt, and entertainment related expenses of $183.00 per month, including YMCA membership, American On Line, cable t.v. and general entertainment of $75.00 per month. He also alleged, among other expenses, a monthly food budget of $400.00 for himself.

Review of the findings of fact made by the trial court is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. T.R.A.P. 13(d).

An award of alimony *in futuro* remains within the control of the court issuing the initial decree, and may be modified on application to the court. T.C.A. § 36-5-101(a)(1) describes the condition that must be met for modification: ". . . on application of either party, the court may increase or decrease the amount of such support only upon a showing of a substantial and material change of circumstances." The party seeking relief on the grounds of changed circumstances has the burden of proving the changed circumstances justifying an increase or decrease in the amount of the alimony award. *Azbill v. Azbill,* 661 S.W.2d 682 (Tenn. App. 1983). The two most important factors are the need of the obligee spouse and the ability to pay of the obligor spouse, with

the need of the obligee being the single most critical factor in the modification decision. *Lancaster v. Lancaster,* 671 S.W.2d 501 (Tenn. Ct. App. 1984).

We find the evidence preponderates in favor of the trial court's increase of alimony to the wife. Since the last increase in 1992 she has sustained an increase in her monthly mortgage payment, declining health resulting in unexpected and unpaid hospital and prescription bills, and deterioration of her home due to inability to pay for repairs.

Husband raises the issue of the trial court's order that he pay wife's attorney's fee of $350.00.

The trial court is vested with wide discretion in the allowance of attorney fees and this Court will not interfere except upon a showing of abuse of that discretion. The evidence is overwhelming that wife lacks the ability to pay her attorney's fees, and we find the trial court did not abuse its discretion in ordering the fees to be paid by husband.

The judgment of the trial court is affirmed with costs assessed to the appellant and the case is remanded.

 

 

 
_____
William H. Inman, Senior Judge

CONCUR:

 

 
_____
Henry F. Todd, Presiding Judge

 

 
_____
Ben H. Cantrell, Judge

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

JIMMY H. VAUGHN,                )      DAVIDSON CIRCUIT
                               )      No. 77466
    Plaintiff/Appellant      )
                               )      Appeal No.
v.                             )      01A01-9707-CV-00347
                               )
MARY RUNYON VAUGHN,            )
                               )
    Defendant/Appellee       )

**FILED**

**September 2, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

## O R D E R   O N   P E T I T I O N   T O   R E - H E A R

Appellee [ "Wife"] petitions for rehearing of this appeal and for cause avers that the opinion of the court was silent on the issues of (1) failure of the trial court to award her a greater increase in alimony and (2) her request for award of attorney fees on appeal.

The trial court increased Wife's alimony by fifty percent, from $400.00 per month to $600.00 per month, based on changed circumstances.  She showed an increase in her monthly mortgage and medication costs as well as the need for home repairs and a car.  Based on these circumstances, we affirmed the increase in alimony.  Pursuant to this petition, we have reviewed the record once more and cannot find that the evidence supports a greater increase.

Wife also requested on appeal that this court award her a reasonable attorney fee for the appeal or remand the case to the trial court for determination and award of an appropriate fee.

Our opinion and judgment in this case affirmed the trial court's award of $350.00 in attorney fees for Wife's trial counsel.  After the trial of this matter, her then counsel petitioned the trial court to withdraw and for cause stated that there were no issues remaining before the court.  When Husband filed notice of

appeal, Wife was required to obtain new counsel for representation on appeal, whose fees she seeks to assign to Husband.

Wife's insistence of her attorney fees on appeal is well taken, and the petition to re-hear is granted as to this issue. The case is remanded to the trial court for a determination of such fees. Costs are assessed to the appellant.

_____
Henry F. Todd
Presiding Judge, Middle Section


_____
Ben H. Cantrell, Judge


_____
William H. Inman, Senior Judge